UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. _____

| | |
|---|---|
| ALICE L. NASH, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DEPUY SYNTHES PRODUCTS, INC., | ) |
| | ) |
|        Defendant. | ) |

**DEFENDANT DEPUY SYNTHES PRODUCTS, INC.'S
NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant DePuy Synthes Products, Inc. ("DePuy Synthes" or "Removing Defendant"), hereby removes the action styled as *Alice L. Nash v. DePuy Synthes Products, Inc.*, Cause No. 2022CA001134, filed in the Nineteenth Judicial Circuit of the State of Florida, St. Lucie County (the "State Court Action"), to the United States District Court for the Southern District of Florida, Fort Pierce Division.

The United States District Court for the Southern District of Florida has original subject matter jurisdiction with respect to this civil action pursuant to 28 U.S.C. § 1332(a) and 1441, because there is complete diversity betwween Plaintiff and DePuy Synthes, and the amount in controversy exceeds $75,000 exclusive of interests and costs. In support of removal, DePuy Synthes further states as follows:

**I.      THE STATE COURT ACTION**

1.      Plaintiff Alice L. Nash filed the State Court Action on June 24, 2022. The Complaint named DePuy Synthes as the sole defendant. A copy of the Complaint in the State Court Action is attached hereto as **Exhibit 1**.

2.      DePuy Synthes was served with Plaintiff's Complaint on July 1, 2022.

3.      DePuy Synthes has not yet appeared or pled in the State Court Action.

4.      As to DePuy Synthes, Plaintiff asserts negligence and strict liability claims arising from the alleged use of the "DePuy Synthes Corail, stem size 10 with a 43 mm bipolar head, hip implant system" during Plaintiff's left hip hemiarthroplasty on February 4, 2022 (*See* Compl. at ¶¶ 6 and 10).

5.      Plaintiff alleges that the device did not function as it was designed and failed ten weeks after Plaintiff's initial surgery, which necessitated a left hip arthroplasty surgery (*See* Compl. at ¶¶ 10–14). Plaintiff seeks damages under Florida's common law for her bodily injury and resulting pain and suffering, disability, scarring, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hopitalization, and expense of medical care and treatment for losses that are either permanent or continuing, and that Plaintiff will continue to suffer such losses in the future (*See* Compl. at ¶¶ 23 and 28).

## II.      REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(a).

6.      This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000exclusive of interest and costs.

### A.  The Amount in Controversy Requirement is Satisfied.

7.      Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal is proper if the Court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000 exclusive of interest and costs.

8.      Where, as here, the jurisdictional amount is not alleged, it may nonetheless be determined when "facially apparent" from the complaint. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (holding that "removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement."). If not apparent from the complaint, a court may consider the notice of removal and post-removal evidence to

2

determine the amount in controversy. *See id.; see also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 768 (11th Cir. 2010) (holding that "the evidence the defendant may use to establish the jurisdictional facts is not limited to that which it received from the plaintiff or the court."). Moreover, courts have recognized that product liability claims involving medical devices meet the $75,000 jurisdictional requirement. *See, e.g., Thomas v. Alcon Labs.*, No. 1:12-CV-3678-ODE, 2013 U.S. Dist. LEXIS 189783, at *3 n.2 (N.D. Ga. Jan. 29, 2013) (finding that plaintiff's medical device personal injury complaint seeking damages for "past and future medical expenses, physical and mental pain and suffering, permanent disability and loss of enjoyment of life, and future lost wages and diminished earning capacity" clearly exceeded the amount in controversy requirement); *Milter v. Wright Med. Grp., Inc.*, No. 11-CV-11353, 2011 U.S. Dist. LEXIS 105692, at *9-10 (E.D. Mich. Sept. 19, 2011) (in denying the plaintiff's motion to remand, the district court held that the defendant showed that it was "more likely than not" that the amount-in-controversy requirement was satisfied based on allegations in the complaint asserting a revision surgery, extreme physical and mental pain, and incurred medical expenses).

9.      A reasonable reading of the Complaint reveals that Plaintiff is seeking more than $75,000 in damages in light of her allegations of "bodily injury and resulting pain and suffering, disability, scarring, disfigurement, mental anguish, loss of capacity for enjoyment of life, expense of hospitalization and expense of medical care and treatment" and that the losses are permanent and continuing into the future (*See* Compl. at ¶¶ 23 and 28); *Estevez-Gonzalez v. Kraft, Inc.*, 606 F. Supp. 127, 129 (S.D. Fla. 1985) (plaintiff's complaint disclosed that the amount in controversy exceeded the jurisdictional amount where it contained no specification of damages and alleged physical and mental pain, physical handicap, impairment of working ability, injuries of a permanent and continuing nature, and medical expenses); *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) ("Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or

3

other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable.") (quoting *Pretka*, 608 F.3d at 754).

10.     Moreover, while the Complaint fails to state a particular jurisdictional amount, Plaintiff asserted in the Civil Cover Sheet in State Court Action that the "amount of the claim" is "over $100,000.00." **Exhibit 2** at p. 2 & 5.

11.     Although the Removing Defendant does not concede or admit that Plaintiff has suffered any damages or that Removing Defendant is liable for any claimed damages, Plaintiff's allegations demonstrate that the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

**B.   Complete Diversity of Citizenship Exists Between Plaintiffs and Defendants.**

12.     Removal is proper because complete diversity exists under 28 U.S.C. § 1332(a).

13.     Plaintiff alleges in her Complaint that she is a resident of the State of Florida, specifically St. Lucie County, Florida (*See* Compl. at ¶ 2).  Upon information and belief, Plaintiff was and continues to be a citizen of **Florida** for the purposes of diversity jurisdiction. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 757-60 (11th Cir. 2010).

14.      Removing Defendant, DePuy Synthes, is a corporation. A corporation is a citizen of its state of incorporation and state of its principal place of business. 28 U.S.C. §§ 1332(c)(1).

15.     Defendant DePuy Synthes Products, Inc. was at the time of filing the Complaint, and is now, incorporated under the laws of the State of Delaware with its principal place of business in Raynham, Massachusetts (*See* Compl. at ¶ 3). Thus, DePuy Synthes is a citizen of **Massachusetts** and **Delaware**.

16.     Accordingly, there is complete diversity between Plaintiff and the Removing Defendant.  *See generally Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005) (party establishes diversity by showing that parties are not citizens of the same state).

III.    **REMOVING DEFENDANT HAS SATISFIED THE OTHER PROCEDURAL AND VENUE REQUIREMENTS FOR REMOVAL.**

17.     Removal of the State Court Action is timely filed under 28 U.S.C. § 1446(b) because this Notice of Removal is filed within 30 days of July 1, 2022—the date when Plaintiff severed DePuy Synthes with her Complaint.

18.     The Nineteenth Judicial Circuit is located within the Southern District of Florida, Fort Pierce Division. Venue is thus proper under 28 U.S.C. § 89(b) because this is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

19.     As required by 28 U.S.C. § 1446(a), Removing Defendant attaches a copy of all process, pleadings, and orders served upon it, including summonses and petitions, as **Exhibit 2.**

20.     As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Nineteenth Judicial Circuit, in and for St. Lucie County.

21.     No previous application has been made for the relief requested herein.

22.     By removing this action to this Court, Removing Defendant neither admits that they are the proper corporate entities, nor waive any defenses, objections, or motions available under state or federal law. Removing Defendant expressly reserves the right to move for dismissal of some or all of Plaintiff's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure and/or seek dismissal on grounds of lack of personal jurisdiction, improper venue, insufficient service of process, or under the doctrine of forum non conveniens.

## IV.    CONCLUSION

For the reasons stated above, DePuy Synthes Products, Inc., respectfully removes this action from the Nineteenth Judicial District of Florida, in and for St. Lucie County, bearing Case No. 2022CA001134, to this Court, pursuant to 28 U.S.C. §§ 1441, 1446.

DATED: July 29, 2022.                                Respectfully submitted

/s/ *Andrew R. Kruppa*
Andrew R. Kruppa
Florida Bar Number 63958
**SQUIRE PATTON BOGGS (US) LLP**
200 South Biscayne Blvd., Ste. 3400
Miami, Florida 33131
Telephone: (305) 577-7000
Facsimile:   (305) 577-7001
Email: andrew.kruppa@squirepb.com

**Counsel for Defendant DePuy Synthes Products, Inc.**

010-9414-4176/1/AMERICAS

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 29th day of July 2022, I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using the CM/ECF system. I further certify that the foregoing document was provided to the following counsel of record via electronic transmission:

> Alaina Fotiu-Wojtowicz, Esq.
> Robert S. Visca, Esq.
> BRODSKY FOTIU-WOJTOWICZ, PLLC
> 200 SE 1st Street, Suite 400
> Miami, Florida 33131
> Telephone: 305-503-5054
> Facsimile: 786-749-7644
> alaina@bfwlegal.com
> robert@bfwlegal.com

/s/ Andrew R. Kruppa

Andrew R. Kruppa

010-9414-4176/1/AMERICAS