# **EXHIBIT 1**

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR ST. LUCIE COUNTY, FLORIDA

ALICE L. NASH,                                             CASE NO.: _____

      Plaintiff,

vs.

DEPUY SYNTHES PRODUCTS, INC.,
a foreign corporation,

      Defendant.
_____/

## COMPLAINT

Plaintiff ALICE L. NASH (hereinafter "Ms. Nash"), by and through undersigned counsel, hereby sues Defendant DEPUY SYNTHES PRODUCTS, INC. (hereinafter "DePuy") for damages and alleges as follows:

## PARTIES AND JURISDICTION

1. This is an action for damages in excess of the minimum jurisdictional requirements of this Court exclusive of costs and interest and otherwise within the jurisdiction of this Court.

2. At all material times, Plaintiff Ms. Nash was and is a resident of St. Lucie County, Florida, and is otherwise sui juris.

3. Defendant DePuy is a foreign corporation, with its principal place of business located at 325 Paramount Drive, Raynham, MA, 02767-0350, registered to conduct business and conducting business in the State of Florida.

4. Defendant DePuy is subject to the jurisdiction of this Court pursuant to Fla. Stat. § 48.193(2) because it engages in substantial and not isolated activity within this



BRODSKY FOTIU-WOJTOWICZ

state, and pursuant to Fla. Stat. § 48.193(1)(a) because it: (a) operates, conducts, engages in, or carries on a business venture in this state; (b) committed a tortious act within this state; and (c) caused injury to a person within this state arising out of an act or omission by DePuy and, at the time of the injury, (i) DePuy was engaged in solicitation or service activities within this state; and (ii) products manufactured by DePuy were used in this state in the ordinary course of commerce, trade, or use.

5. Venue is proper here because the cause of action accrued in St. Lucie County, Florida.

## FACTS APPLICABLE TO ALL COUNTS

6. At all material times, DePuy was in the business of designing, manufacturing, assembling, modifying, testing, inspecting, selling, and distributing hip replacement systems including the DePuy Synthes Corail, stem size 10 with a 43 mm bipolar head, hip implant system (hereinafter the "Hip Implant").

7. A hemiarthroplasty is a surgical procedure used to repair a fractured hip, which involves replacing half of the hip joint.

8. Artificial hip joint surgery involves removing the patient's affected joint anatomy and replacing it with artificial components typically made of metal and plastic. Although there are many different hip implant systems on the market, a typical system, including the Hip Implant, consists of four separate components: (1) a femoral stem, (2) a femoral head, (3) a polyethylene liner, and (4) an acetabular shell.

9. DePuy represents that the Hip Implant is designed for implantation into the human body and is designed to last for 20 or more years.



10. On February 4, 2022, Ms. Nash underwent a left hip hemiarthroplasty at the Lawnwood Regional Medical Center and Heart Institute ("Lawnwood"), performed by orthopedic surgeon Christopher W. Beiser, D.O. Dr. Beiser implanted the Hip Implant with components identified as Lot/Batch No. JG4772, D21110108 and 9337374 after Ms. Nash experienced a traumatic hip fracture.

11. But the Hip Implant used for Ms. Nash's surgery did not function as it was designed to function. Just ten weeks after Ms. Nash's surgery, the Hip Implant failed.

12. Ms. Nash was forced to return to Lawnwood on April 19, 2022, after her Hip Implant failed, which resulted in severe pain, difficulty walking, and limitation of her activities of daily living.

13. X-ray imaging taken that same day at Lawnwood confirmed that the bipolar head component of the subject Hip Implant was displaced.

14. As a result, on April 19, 2022, Dr. Beiser performed a left hip arthroplasty revision as to the femoral component of the subject Hip Implant at Lawnwood.

15. During the procedure, Dr. Beiser observed that the inner head and liner of the subject Hip Implant were still attached to the stem, but the acetabular component, or outer bipolar head, was completely displaced from the outer shell. He noted that that the subject Hip Implant was "defective" in his operative report.

16. Ms. Nash's medical records pertaining to this corrective procedure in April of 2022 repeatedly reference the "orthopedic hardware failure" of the subject Hip Implant.

3



BRODSKY FOTIU-WOJTOWICZ

## COUNT I - NEGLIGENCE

17. Ms. Nash reasserts and re-alleges all allegations preceding the first Count of this Complaint, as if fully set forth herein.

18. At all material times, DePuy had a duty to exercise reasonable care in planning, designing, manufacturing, testing, inspecting, marketing, and distributing the subject Hip Implant.

19. DePuy was negligent and breached its duty of reasonable care in some or all of, but not limited to, the following ways:

   a. failing to properly design the subject Hip Implant;

   b. failing to properly manufacture the subject Hip Implant;

   c. failing to properly test and inspect the subject Hip Implant; and/or

   d. failing to warn of the risks associated with the subject Hip Implant.

20. As a result of DePuy's negligence, Ms. Nash's Hip Implant was dangerous and/or defective.

21. An ordinary consumer, such as Ms. Nash, would not have recognized the potential risks and dangers inherent in the subject Hip Implant.

22. DePuy failed to warn of the dangers in the reasonably foreseeable use of the subject Hip Implant despite its actual and constructive knowledge of the dangers of the subject components' propensity to fail.

23. As a proximate result of DePuy's negligence, Ms. Nash has suffered bodily injury and resulting pain and suffering, disability, scarring, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and expense of

4



BRODSKY FOTIU-WOJTOWICZ

medical care and treatment. These losses are either permanent or continuing, and Ms. Nash will continue to suffer such losses in the future.

WHEREFORE, Ms. Nash demands judgment against DePuy for compensatory damages, costs, and interest.

## COUNT II - STRICT LIABILITY

24. Ms. Nash reasserts and re-alleges all allegations preceding the first Count of this Complaint, as if fully set forth herein.

25. At all material times, the subject Hip Implant was defective and created an unreasonable risk of danger to Ms. Nash.

26. At all material times, the dangerous and/or defective condition of the subject Hip Implant was unknown to Ms. Nash.

27. At all material times, the subject Hip Implant was being used in the manner for which it was intended, designed, manufactured, distributed and/or in a manner reasonably foreseeable to DePuy.

28. As a proximate result of the dangerous or defective condition of the subject Hip Implant, Ms. Nash has suffered bodily injury and resulting pain and suffering, disability, scarring, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization and expense of medical care and treatment. These losses are either permanent or continuing, and Ms. Nash will continue to suffer such losses in the future.

WHEREFORE, Ms. Nash demands judgment against DePuy for compensatory damages, costs and interest.

5



BRODSKY FOTIU-WOJTOWICZ

## DEMAND FOR JURY TRIAL

Plaintiff Alice L. Nash hereby demands a jury trial of all issues so triable.

DATED:     June 24, 2022.

                                        Respectfully submitted,

                                        By: *Alaina Fotiu-Wojtowicz*
                                        Alaina Fotiu-Wojtowicz, Esq.
                                        Florida Bar No. 084179
                                        Robert S. Visca, Esq.
                                        Florida Bar No. 111800
                                        BRODSKY FOTIU-WOJTOWICZ, PLLC
                                        *Counsel for Alice L. Nash*
                                        200 SE 1st Street, Suite 400
                                        Miami, Florida 33131
                                        Tel:  305-503-5054
                                        Fax: 786-749-7644
                                        alaina@bfwlegal.com
                                        robert@bfwlegal.com
                                        docketing@bfwlegal.com